960 So.2d 1101 (2007)
Leighann, wife of and William OVERBY
v.
Tremaine WILLIAMS, First American Insurance Company, The City of New Orleans and Audubon Insurance Company.
No. 06-CA-950.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
*1102 W. Chad Stelly, Blake G. Arata, Jr., C. Perrin Rome, III, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
C. Kelly Lightfoot, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS, and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by William Overby and his wife, Leighann, plaintiffs-appellants, from a declaratory judgment in favor of Audubon Insurance Co., defendant-appellee, holding that an automobile insurance policy issued by Audubon contained a valid rejection of uninsured/underinsured (UM) coverage. For the following reasons we affirm that judgment.
The underlying facts are these. William Overby, an employee of A.H. Guthans Co., Inc., was driving a company truck in September of 2000 when he was broadsided by an underinsured driver. He and his wife Leighann sued, inter alia, Audubon Insurance Co., the fleet insurer of Guthans, Inc., alleging that the policy provided UM coverage. Eventually, cross-motions for declaratory judgment were filed, and the trial judge granted that of Audubon, holding that a valid waiver of UM coverage had been perfected. This appeal followed.
Based on affidavits, depositions and copies of the policy at issue, the following facts were shown to be undisputed. A.H. Guthans Co., Inc., a mechanical contracting firm, is a closely held corporation owned by A.H. Guthans, Jr., who is also its president. In 1998 Guthans bought a used Toyota flat bed truck and paid for it with a corporate check. The title of the truck was issued to A.H. Guthans, Jr. The vehicle was insured and listed under a fleet policy by Audubon in the name of A.H. Guthans Co., Inc. Nowhere in the policy is Guthans named individually as an "insured." A waiver of UM coverage in valid form was initialed "AHG," and signed "A.H. Guthans, Jr., President."
Guthans gave an initial deposition in which he said that the truck was leased to the corporation. In a second deposition he said that the question of a lease came up only after the litigation began and was one of two options he considered to resolve the potential problem of ownership of the truck. The other option, which he eventually chose, was to correct the title to show the corporation as owner, even though this involved payment of additional taxes. No lease agreement was shown to exist. He also said in the second deposition that he never considered the question of ownership until it came up in the suit. He noted that he had previously deemed the truck to be owned by the corporation because corporate funds were used to buy it, all maintenance was done by the corporation, it was insured by the corporation, and it was used exclusively for corporate business. He added that he had never driven the vehicle and neither had any member of his family.
*1103 Plaintiffs' basic argument here is that because the title to the truck was in Guthans name individually, the waiver of UM coverage was invalid because not also signed by Guthans individually. They rely chiefly on Martin v. Clanton, 626 So.2d 909 (La.App. 5th Cir.1993) for the principle that when a vehicle is leased, both the lessee and the lessor must execute the UM waiver form for it to be valid. There, the employer leased its employee's vehicle and paid the insurance premium, and then allowed the employee to use it for both business and personal purposes. Under the plan the employer-lessee signed the waiver of UM coverage, but the employee-lessor not only did not sign but there was a question of whether he was given an opportunity to do so. The employee-lessor's wife was in an accident in the automobile and sought UM coverage, but this was denied on summary judgment. In reversing, a panel of this court noted that public policy required that the lessor be given an opportunity to reject UM coverage. Because the record was ambiguous on this point, the court ruled that there was an issue of fact that had to be resolved by trial, and therefore summary judgment was improperly granted. It therefore set aside the summary judgment and remanded the case for further proceedings.
In the present case, there was no lease arrangement. Moreover, the evidence unambiguously showed that the truck was paid for by the corporation and that Guthans' name, rather than that of the corporation, was inadvertently placed on the title. There is no ambiguity as to whether Guthans had an opportunity to consider UM coverage. He initialed and signed the waiver form, at the time he believed the truck to be the property of his corporation, and the policy was in the corporate name.
Considering all of the above factors, we conclude that the UM waiver was valid and that the district court judge correctly so found. We therefore affirm the declaratory judgment in favor of Audubon Insurance Co.
AFFIRMED.